**UNITED STATES BANKRUPTCY COURT**
NORTHERN DISTRICT OF NEW YORK
CHAMBERS OF THE BANKRUPTCY JUDGE

**HON. STEPHEN D. GERLING**
**CHIEF U.S. BANKRUPTCY JUDGE**

220 U.S. COURTHOUSE
UTICA, NEW YORK 13501
(315) 793-8111
FAX: 793-8792

Mark A. Wolber, Esq.
239 Genesee St.
Utica, New York 13501

In re:   Daniel A. Pole
         Case No. 07-62628

## LETTER DECISION and ORDER

The Debtor, Daniel A. Pole ("Pole"), filed a motion herein pursuant to § 362(k) of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), 11 U.S.C. §§ 101-1532 ("Code") seeking a determination that certain post-petition collection activity engaged in by Household Finance Corporation III ("Household") constituted a willful violation of the automatic stay imposed by Code § 362(a).  Pole seeks actual and punitive damages as well as attorney's fees.

Debtor's motion was filed with this Court on February 6, 2008.  It appears that the Notice of Motion was served on Household by first class mail on January 22, 2008.  *See* Affirmation of Service of Mark A. Wolber, Esq. ("Wolber") dated January 30, 2008.  The address utilized for service on Household was 961 Weigel Drive, Elmhurst, IL 60126.  The motion was made returnable before the Court on February 26, 2008.

On the return date of the motion there was neither opposition nor appearance by Household and at that time, the Court granted Pole's motion to the extent of finding that Household had willfully violated the automatic stay based on the uncontested allegations contained in the motion papers and the oral argument of Wolber.  Because the motion papers did not quantify the amount

2

of actual damages and the fact that punitive damages were sought, the Court scheduled an inquest to determine the amount of damages.

An inquest hearing was held before the Court on April 24, 2008, at which Pole appeared and testified under oath. Following the close of the testimony, the Court requested that Wolber submit an affidavit of services in connection with this contested matter, which the Court would consider in determining the amount of attorney's fees to be awarded.

At the hearing, Pole testified that subsequent to the filing of his bankruptcy petition in June of 2007, an income execution was served on his employer, Adirondack Sheet Metal, in late November 2007. The income execution was issued pursuant to a judgment entered against the Debtor post-petition by Household in New York State Supreme Court, Oneida County on August 7, 2007. Upon service of the income execution by the Oneida County Sheriff, the Debtor was called into his employer's office and advised that the employer would have to honor the execution by withholding money from his wages. He indicated that he was very embarrassed particularly because the employer's son was present. He also noted that word of the incident spread to his fellow employees causing further embarrassment.

Following service of the execution, he obtained proof from his attorney that Household had been listed as a creditor and provided proof to the Sheriff, who discontinued the income execution. In the interim, the Debtor was very concerned as to the amount of his take home pay because he already was having his pay garnished due to the payment of non dischargeable child support and alimony. He also testified that he took at least two days off of work, without pay, to go to the Sheriff's office, his attorney's office and the Oneida County Clerk's Office where he obtained a copy of Household's judgment. He estimated that he lost a couple of hundred dollars in wages.

3

The Debtor further testified that in March of 2008, he attempted to purchase a motor vehicle. In order to purchase the vehicle, he made application for a loan. Two of the three lenders he made application to denied him a loan primarily due to the existence of the judgment. The third lender gave him a loan for sixty months, but at a 14.95% interest rate. He estimated that over the life of the loan, in the amount of $8,000, he would pay $3,600 in finance charges. He noted, in closing his testimony, that the Household judgment is still on file at the County Clerk's office and that the entire experience caused him additional embarrassment as well as anxiety and nervousness.

This Court has previously ruled in connection with a willful violation of the stay under Code § 362(h)[1], that "actual damages for emotional distress may nonetheless be granted where other corroborating evidence is presented or the circumstances of the stay violation are so egregious that they obviously merit emotional distress damages." *See In re Ficarra*, Case No. 00-62714, slip op. at 14 (Bankr. N.D.N.Y. April 17, 2000). Here, while the Debtors provided no actual medical testimony, the egregiousness of the stay violation is obvious. Household chose to completely ignore the automatic stay statutorily imposed upon the filing of Pole's bankruptcy case and proceeded, post-petition, with a motion for summary judgment in a pre-petition lawsuit then pending in State Court, entering judgment against the Debtor in August 2007, some two months post-petition. Such conduct cannot be tolerated. Debtor should be entitled to the protection of the automatic stay until such time as it is modified, lifted or terminated by operation of law. He should not be subject to the continuation of a lawsuit based on a pre-petition debt by a large institutional creditor relying on some ill-conceived notion that it is above the law.

---

[1] BAPCA amended Title 11 by moving the provision dealing with a willful violation of the stay from § 362(h) to § 362(k).

4

Accordingly, this Court will award Pole actual damages in the sum of $10,000.  In addition, the Court will award Wolber attorney's fees in the sum of $1,050.00.  With regard to an award of punitive damages, the Court is reminded that such damages are available where there is "an additional finding of maliciousness or bad faith on the part of the offending creditor....." *Crysen/Montenay Energy Co .v. Esselen Assoc., Inc*. (*In re Crysen/Montenay Energy Co.*), 902 F.2d 1098, 1105 (2d. Cir. 1990).  Here, while Household willfully ignored the statutory stay imposed by Code § 362(a), this Court cannot conclude that its conduct rises to the level of maliciousness or bad faith.  Thus, the Court declines to award punitive damages.

    IT IS SO ORDERED

Dated at Utica, New York

this 12th  day of June,  2008

                                          s/s Hon. Stephen D. Gerling
                                          STEPHEN D. GERLING
                                          Chief U.S. Bankruptcy Judge